**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

IMM, LLC, a Colorado limited liability company,

      Plaintiff,

v.

Plankk Technologies Inc. (f/k/a Global Fitness Creative Inc.), an Alberta, Canada corporation,

      Defendant.

---

## COMPLAINT

    Plaintiff, IMM, LLC ("IMM"), by and through its attorneys, Holland & Hart, LLP, for its Complaint against Defendant Plankk Technologies Inc. (f/k/a Global Fitness Creative Inc.) ("Plankk"), states and alleges as follows:

### INTRODUCTION

    1.    IMM and Plankk entered into an agreement, which IMM fully performed.  The validity of the agreement is not at issue, and Plankk has made partial payment for the services IMM provided.

    2.    However, despite IMM's numerous attempts to collect the remainder of the balance Plankk owes, Plankk has gone silent, apparently believing that its contractual obligations will cease if it ignores IMM for long enough.  Plankk's refusal to pay for the services IMM provided constitutes a breach of contract.

    3.    Had IMM known that Plankk did not intend to honor its obligations, IMM never would have entered into the agreement.

## PARTIES

4.      IMM is a Colorado limited liability company with its principal place of business in Colorado.  IMM's membership is as follows:

a.      Boulder Heavy Industries, LLC ("BHI"), which is a Colorado limited liability company with its principal place of business in Colorado.  BHI's members are:

i.      Sweet Moose Enterprise LLC ("Sweet Moose"), which is a Colorado limited liability company with its principal place of business in Colorado.  Sweet Moose's members are:

(1)      Adam Edelman, a Colorado citizen.

(2)      Marcia Edelman, a Colorado citizen.

ii.      Compass Rose Management LLC ("Compass Rose"), which is a Colorado limited liability company with its principal place of business in Colorado.  Compass Rose's members are:

(1)      Wayne Chavez, a Colorado citizen.

(2)      Kelley Ryan, a Colorado citizen.

iii.      Tiburon Cove LLC ("Tiburon"), which is a Colorado limited liability company with its principal place of business in Colorado.  Tiburon's sole member is:

(1)      Tiffany Ecker, a Colorado citizen.

iv.      NobleLaing Consulting LLC ("NobleLaing"), which is a Colorado limited liability company with its principal place of business in Colorado.  NobleLaing's sole member is:

(1)      Amanda Melby, a Colorado citizen.

2

    v.  Garrett Rose Consulting LLC ("Garrett Rose"), which is a Colorado limited liability company with its principal place of business in Colorado. Garrett Rose's sole member is:

    (1)  Terrie Adams, a Colorado citizen.

  b.  Crazy Life, Inc., which is a Colorado corporation with its principal place of business in Florida.

  c.  Gina Lee, a Colorado citizen.

  d.  Thin Air Consulting, LLC ("Thin Air"), which is a Colorado limited liability company with its principal place of business in Colorado. Thin Air's sole member is:

    i.  Ken O'Brien, a Colorado citizen.

  e.  C2 Unit LLC ("C2"), which is a Colorado limited liability company with its principal place of business in Colorado. C2's sole member is:

    i.  Corinne de Jong, a citizen of the Netherlands who resides in Colorado.

  5.  Plankk is an Alberta, Canada corporation. Upon information and belief, its principal place of business is in Los Angeles, California.

## JURISDICTION AND VENUE

  6.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

  7.  This dispute arises out of a Master Services Agreement (and related Terms and Conditions document (collectively, the "Agreement")) executed by the parties, which states that

"each party agrees to and does submit to the jurisdiction and venue of, any state or federal court located in the County of Denver, Colorado."

8.      Further, venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

9.      On December 14, 2018, IMM and Global Fitness Creative Inc., entered into the Agreement.

10.     Global Fitness Creative Inc. changed its name to Plankk Technologies Inc., effective March 29, 2019.

11.     Under the Agreement, the parties agreed that IMM would provide to Plankk analytics services, casual attribution services, analytic software components, tracking technology, and support such as data storage, data reprocessing, and software updates, as well as other services.

12.     Colin Szopa, Plankk's founder, signed the Agreement on Plankk's behalf.

13.     The Agreement required Plankk to pay for services rendered by IMM within 15 days of receiving an invoice.

14.     Under the Agreement, any IMM invoice overdue by more than 10 days would accrue interest from day-to-day at a rate of 1.5% per month, or the highest amount allowed by applicable law, whichever was lower.

15.     IMM performed and satisfied all obligations owed under the Agreement.

16.     On April 3, 2019, IMM informed Plankk that it was approximately 30 days past due on payment.

17.     Plankk made partial payment on or about April 25, 2019, and was informed that it still owed IMM a remaining balance.

18.     IMM again contacted Plankk on June 17, 2019, noting several outstanding invoices for which payment had not been received.

19.     These invoices included Invoice Numbers IMM20388, dated March 1, 2019; IMM20406, dated March 31, 2019; IMM20423, dated April 1, 2019; IMM20442, dated May 1, 2019; and IMM20502, dated June 1, 2019.

20.     Upon information and belief, Plankk did not respond to the June 17, 2019 email requesting payment on the overdue invoices.

21.     On July 10, 2019, IMM again contacted Plankk, requesting a response regarding the status of payment for the overdue invoices.  IMM even offered to place Plankk on a payment plan for the late payments.

22.     Plankk finally responded on or about July 18 and 19, 2019, requesting a breakdown of certain charges reflected on the invoices.

23.     IMM promptly provided those explanations.  Thereafter, Plankk ceased communicating with IMM and refused to respond to several follow-up emails and inquiries in late July 2019.

24.     On August 5, 2019, IMM reached out to Plankk yet again, requesting a prompt response and payment for the overdue invoices.  And, again, Plankk remained silent.

25.     Given Plankk's silence and inaction, IMM sent a final demand email to Plankk on August 7, 2019, requesting full payment of the overdue invoices.  That email apprised Plankk of the total amount due and reminded Plankk of IMM's entitlement to attorney fees, costs, and accrued interest under the Agreement.  That request was also ignored by Plankk.

26.     Plankk has refused to communicate with IMM since July 19, 2019.

27.     Not including applicable fees, costs, and interest, Plankk currently owes IMM $150,130.87 for services rendered under the Agreement.

## CLAIM FOR RELIEF
### (Breach of Contract against Plankk Technologies Inc.)

28.     IMM incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

29.     The Agreement constitutes a valid and enforceable contract between IMM and Plankk.

30.     IMM performed and satisfied all obligations owed to Plankk under the Agreement.

31.     Pursuant to the Agreement, Plankk agreed that it would pay each invoice no later than 15 days after receiving it.

32.     Plankk breached the Agreement by failing to pay any invoices received after March 1, 2019, including invoice numbers IMM20388, IMM20406, IMM20423, IMM20442, and IMM20502.

33.     As a direct and proximate result of Plankk's material breaches of contract, IMM has suffered damages in an amount to be determined at trial but in no event less than $150,130.87.

## PRAYER FOR RELIEF

**WHEREFORE**, IMM requests that judgment be entered in its favor and against Defendant Plankk Technologies Inc. for:

   a.  breach of contract;

   b.  damages in an amount to be proven at trial but not less than $150,130.87;

    c.   accrued interest;

    d.   attorney fees and costs; and,

    e.   any further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

IMM respectfully demands a jury trial on all issues so triable.

Dated:  September 16, 2019.

Respectfully submitted,

*/s Kevin C. McAdam*
Kevin C. McAdam
Kyriaki Council
Holland & Hart LLP
555 17th Street, Suite 3200
Phone: (303) 295-8267
kcmcadam@hollandhart.com
kcouncil@hollandhart.com

**ATTORNEYS FOR PLAINTIFF**

13460511_v5