IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02629-CMA

IMM, LLC, *a Colorado limited liability company*,

    Plaintiff,

v.

PLANKK TECHNOLOGIES INC., F/K/A GLOBAL FITNESS CREATIVE INC., *an Alberta, Canada corporation*,

    Defendant.

---

**ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT PLANKK TECHNOLOGIES INC.**

---

This matter is before the Court on Plaintiff IMM, LLC's Request for Default Judgment against Defendant Plankk Technologies Inc., f/k/a Global Fitness Creative Inc.[1] (Doc. # 13.) Although Plaintiff requests that the Clerk of the Court enter a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff's request for reasonable attorneys' fees warrants this Court's review. As such, the Court construes Plaintiff's request as a Motion for Default Judgment under Rule 55(b)(2). For the reasons discussed below, the Motion is granted, and a default judgment is entered.

---

[1] On March 29, 2019, Global Fitness Creative, Inc. changed its name to Plankk Technologies Inc. (Doc. # 1 at 4, ¶ 10.)

## I. BACKGROUND

On December 14, 2018, Plaintiff and Defendant entered into and executed a Master Services Agreement (the "Agreement"). (Doc. # 1 at 4, ¶ 9); (Doc. # 17-1 at 2.) The Agreement provided that Plaintiff would furnish services to Defendant, including but not limited to, analytics services, casual attribution services, analytic software components, tracking technology, and support regarding data storage, data processing, and software updates. (Doc. # 1 at 4, ¶ 11.) Defendant's founder, Colin Szopa, signed the Agreement on Defendant's behalf. (*Id.* at 4, ¶ 12; Doc. # 17-1 at 12.)

The Agreement provided the following scheme for payment of invoices:

- Defendant was required to pay for services rendered by Plaintiff within 15 days of receiving an invoice (Doc. # 1 at 4, ¶ 13; Doc. # 17-1 at 4, § 7(a));

- "Where any invoice is overdue by more than 10 days . . . any amount due to [Plaintiff] will bear interest, to accrue from day-to-day at a rate of 1.5% per month, or the highest amount allowed by applicable law, whichever is lower, from the date such amount was first due until it is paid in full" (Doc. # 17-1 at 5, § 7(b); Doc. # 1 at 4, ¶ 14);

- "In the event that any suit or action is instituted under or in relation to [the] Agreement . . . the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs and expenses of enforcing any right of such prevailing party under or with respect to this Agreement, including without limitation, such reasonable fees and expenses of attorneys . . . ." (Doc. # 17-1 at 10, § 16(d).)

Plaintiff alleges that it performed and satisfied all obligations owed under the Agreement. (Doc. # 1 at 4, ¶ 15.)

On April 3, 2019, Plaintiff informed Defendant that it was approximately 30 days past due on payment of Plaintiff's invoice. (*Id.* at 4, ¶ 16.) Although Defendant made partial payment on or about April 25, 2019, Plaintiff informed Defendant that there was

still a remaining balance on the invoice. (*Id.* at 5, ¶ 17.) On June 17, 2019, Plaintiff again contacted Defendant about overdue balances on several invoices. (*Id.* at 5, ¶ 18.) These invoices included Invoice Numbers IMM20388, dated March 1, 2019, IMM20406, dated March 31, 2019, IMM20423, dated April 1, 2019, IMM20442, dated May 1, 2019, and IMM20502, dated June 1, 2019. (*Id.* at 5, ¶ 19.)

Defendant did not respond to Plaintiff's repeated efforts to obtain payment until on or about July 18 and 19, 2019, when Defendant requested "a breakdown of certain charges reflected on the invoices." (*Id.* at 5, ¶¶ 20–22.) After Plaintiff provided that requested information, Defendant failed to respond in any capacity to Plaintiff's subsequent communications, including Plaintiff's final demand. (*Id.* at 5–6, ¶¶ 23–26.) On September 19, 2019, Plaintiff filed the instant action and asserted one claim for breach of contract against Defendant.

Plaintiff effectuated service of the Complaint upon Defendant in Alberta, Canada on October 17, 2019. (Doc. # 9.) However, Defendant failed to timely respond to the Complaint. (Doc. # 13-1 at 1, ¶ 4.) As such, on November 8, 2019, Plaintiff requested the Clerk of the Court to enter default pursuant to Federal Rule of Civil Procedure 55(a) (Doc. # 10), and the Clerk entered default against Defendant on November 13, 2019 (Doc. # 11).

On January 21, 2020, Plaintiff filed the instant Request for Default Judgment under Rule 55(b)(1) and D.C.Colo.LCivR 55.1(a)(1)(B). (Doc. # 13 at 2.) Plaintiff's request is directed at the Clerk because Plaintiff asserts that its claim is for a sum

certain, which includes its request for attorneys' fees. (*Id.*) Thus, according to Plaintiff, the Clerk must enter default judgment in the amount requested.

The Court disagrees. The Agreement provides that a prevailing party is entitled only to "reasonable fees and expenses of attorneys[.]" (Doc. # 17-1 at 10.) Therefore, this Court, not the Clerk, must determine the reasonableness of a request for attorneys' fees. *See Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1079 (D. Colo. 2015) (granting default judgment for sum certain as to actual damages and conducting reasonableness inquiry as to request for reasonable attorneys' fees). Accordingly, the Court construes Plaintiff's Request for Default Judgment as a Motion for Default Judgment under Rule 55(b)(2). For the following reasons, the Court grants Plaintiff's Motion for Default Judgment.

## II. JURISDICTION

### A. APPLICABLE LAW

Before entering default judgment against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986); *see also Hukill v. Okla. Native Am. Domestic Violence Coalition,* 542 F.3d 794, 797 (10th Cir. 2008) ("[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant."). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on the basis of the pleadings

and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish personal jurisdiction in a diversity case, a plaintiff must show both that jurisdiction is proper under the forum state's long-arm statute and that exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution. *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990). However, parties to a contract may consent to litigate disputes in a particular forum by inserting a forum selection clause into their contract. *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 522–23 (D. Kan. 1995) (citing *Nat'l Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 315 (1964); *Williams v. Life Savings and Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (explaining that party may consent to jurisdiction by assenting to a forum selection clause contained in a contract). "Absent fraud, duress, or other coercive factors, such an agreement precludes consenting corporations from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable." *Elec. Realty Assocs.*, 897 F. Supp. at 522–23 (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15–16 (1972)). "To the extent that parties have consented to personal jurisdiction in a certain forum, application

of a forum state's long-arm statute and analysis of a party's contacts with the forum state are unnecessary." *Id.* at 523.

B. ANALYSIS

In the instant case, the allegations in the Complaint, accepted as true for purposes of considering a request for default judgment, establish this Court's jurisdiction over this matter and the parties. With respect to subject matter jurisdiction, this Court possesses diversity jurisdiction because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000 ($150,130.87), not including prejudgment interest and reasonable attorneys' fees and costs. (Doc. # 1 at 2–3, ¶¶ 4–7; 6, ¶ 33.) As to personal jurisdiction, the Agreement provides expressly that Defendant consented to the jurisdiction and venue of this Court. (*Id.* at 3–4, ¶¶ 7–8.) Specifically, the Agreement provides that the "parties agree that any action brought by either party under or in relation to this Agreement, including without limitation to interpret or enforce any provision of this Agreement, shall be brought in, and each party agrees to and does hereby submit to the jurisdiction and venue of, any state or federal court located in the County of Denver, Colorado." (Doc. # 17-1 at 10.) Accordingly, the Court has diversity jurisdiction over this matter and personal jurisdiction over Defendant.

### III. FAILURE TO DEFEND

A. APPLICABLE LAW

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. In order to obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: "first, he or she

must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hospitality, Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011). At step two, the decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). Nonetheless, "there must be a sufficient basis in the pleadings" for default judgment to be entered. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

A defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the well-pleaded factual allegations of the complaint as true. *See, e.g.*, *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (stating that upon default, the defendant admits the plaintiff's allegations); *see also Personal Indus. Loan Corp. v. Forgay*, 240 F.2d 18, 20 (10th Cir. 1956) ("By failing to appear and permitting a default judgment to be entered, [defendant] admitted only facts well pleaded."). In addition, the Court accepts the undisputed facts set forth in any affidavits and exhibits. *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

Ultimately, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as

to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

**B.     ANALYSIS**

This Court has no trouble concluding that Defendant has failed to appear or otherwise defend in this action. Despite having been served (Doc. # 9; Doc. # 13-1 at 1, ¶ 3), Defendant has not answered the Complaint, responded to the instant Motion, or even entered an appearance in this lawsuit. The Clerk properly entered default on November 19, 2019 (Doc. # 11), and it is now clear that Defendant's silence has halted the adversary process.

The Court also finds that Plaintiff's Complaint and the documentation submitted with its Motion for Default Judgment provide a "sufficient basis in the pleadings for default to be entered." *Bixler*, 596 F.3d at 762. Under Colorado law, which governs this action (Doc. # 17-1 at 9), to maintain a breach of contract claim, a plaintiff must establish (1) the existence of a contract; (2) performance by the plaintiff or justification for nonperformance; (3) failure to perform by the defendant; and (4) resulting damage to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

In the instant case, the factual allegations in the Complaint, taken as true, establish that (1) the Parties executed the Master Services Agreement and that Agreement is clear: Defendant agreed to pay Plaintiff for various services (Doc. # 1 at 4, ¶¶ 9–14; Doc. # 17-1 at 12); (2) Plaintiff performed those services in accordance with the Agreement (Doc. # 1 at 4, ¶ 15); (3) Defendant failed to pay the outstanding balance of several invoices for those services (*id.* at 4–6, ¶¶ 16–27); and (4) Plaintiff has

sustained damages in the amount of $150,130.87 in addition to prejudgment interest and reasonable attorneys' fees and costs (*id.* at 6, ¶¶ 27, 33; Doc. # 17-1 at 10). Thus, there is a sufficient basis for default to be entered.

## IV. DAMAGES

### A. APPLICABLE LAW

Default judgment, however, cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, the amount claimed is a liquidated sum or one capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983); *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via . . . a demonstration by detailed affidavits establishing the necessary facts.").

### B. ANALYSIS

The damages in this case are capable of mathematical calculation. Plaintiff requests an award of (1) the outstanding balance of Plaintiff's invoices submitted to Defendant, (2) prejudgment interest on the outstanding balance of those invoices, and (3) reasonable attorneys' fees and costs as permitted under the Agreement.

As to Plaintiff's request for damages as to unpaid invoices, the Complaint (Doc. # 1), Motion for Default Judgment (Doc. # 13), Declaration (Doc. # 13-1), and supporting documentation (Doc. # 13-2) show that damages representing the outstanding balances on five invoices are capable of mathematical calculation. (Doc. # 1 at 6, ¶ 32; Doc. # 13-2 at 2). The documentation provides:

| Invoice No. | Sent Date | Outstanding Balance |
|---|---|---|
| 1 | March 6, 2019 | $25,638.03 |
| 2 | March 27, 2019 | $4,950.00 |
| 3 | April 5, 2019 | $43,416.61 |
| 4 | May 2, 2019 | $65,079.84 |
| 5 | June 11, 2019 | $11,046.39 |
| Total | | $150,130.87 |

(Doc. # 13-2 at 2.) Accordingly, Plaintiff is entitled to $150,130.87 of damages for the outstanding balance on invoices.

With respect to Plaintiff's request for prejudgment interest, the Agreement provides that Plaintiff is entitled to interest on any outstanding balance of an invoice that has been outstanding for more than 25 days "from day-to-day at a rate of 1.5% per month, or the highest amount allowed by applicable law[.]". (Doc. # 17-1 at 5.) Plaintiff's Motion for Default Judgment (Doc. # 13), Declaration (Doc. # 13-1), and supporting documentation (Doc. # 13-2) similarly demonstrate that prejudgment interest on the

outstanding balance is capable of mathematical calculation. Specifically, Plaintiff's documentation provides:

| Invoice No. | Date Sent | Outstanding Balance | Daily Interest Rate | Days Outstanding[2] | Interest Accrued |
|---|---|---|---|---|---|
| 1 | March 6, 2019 | $25,638.03 | .0493% | 296.00 | $4,028.32 |
| 2 | March 27, 2019 | $4,950.00 | .0493% | 275.49 | $720.13 |
| 3 | April 5, 2019 | $43,416.61 | .0493% | 266.49 | $6,096.10 |
| 4 | May 2, 2019 | $65,079.84 | .0493% | 239.49 | $8,156.40 |
| 5 | June 11, 2019 | $11,046.39 | .0493% | 199.49 | $1,141.69 |
| **Total** | | $150,130.87 | | | $20,142.64 |

(Doc. # 13-2 at 2.) Thus, Plaintiff is entitled to $20,142.64 of damages in prejudgment interest on the outstanding balance on invoices that Defendant owes to Plaintiff.

Finally, pursuant to the Agreement, Plaintiff seeks to recover its reasonable attorneys' fees of $20,142.64 and costs in the amount of $3,544.09. (Doc. # 13 at 3; Doc. # 13-1 at 2, ¶¶ 10–11.) In evaluating a request for reasonable attorney fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). The Court first finds that the number of hours spent by counsel on this matter is reasonable. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs of Boulder*

---

[2] Plaintiff seeks only contractual prejudgment interest from when the remaining balance for each invoice was outstanding for 25 days until January 21, 2020, the date that Plaintiff filed its Request for Default Judgment. (Doc. # 13; Doc. # 13-4 at 1.)

*Cty.*, No. 06-cv-00554, 2010 WL 3703224, at *2–3 (D. Colo. Sept. 13, 2010); (Doc. # 13-1 at 2, ¶ 11; Doc. # 13-3). The Court further finds that the hourly rates of compensation billed are reasonable, based on "what lawyers of comparable skill and experience [in the given practice area] would charge for their time." *Ramos*, 713 F.2d at 555; (Doc. # 13-1 at 2, ¶ 11). Finally, multiplying the reasonable hourly rates by the corresponding number of hours reasonably expended by Plaintiff in filing this action, results in a "lodestar" amount of $20,198.25. This lodestar amount is reasonable.

Furthermore, based on the submitted documentation (Doc. # 13-3), the Court also finds that Plaintiff's request for costs in the amount of $3,544.09 is reasonable.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment (Doc. # 13). The Court FURTHER ORDERS that final judgment is hereby entered in favor of Plaintiff IMM, LLC and against Defendant Plankk Technologies Inc. in the amount of $194,015.85, plus post-judgment interest, which will accrue at a rate of 1.54% annually from the date of this Judgment until the Judgment is paid in accordance with 28 U.S.C. § 1961.

DATED: February 25, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge