IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02629-CMA

IMM, LLC, *a Colorado limited liability company*,

    Plaintiff,

v.

PLANKK TECHNOLOGIES INC., F/K/A GLOBAL FITNESS CREATIVE INC., *an Alberta, Canada corporation*,

    Defendant.

---

## ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

---

This matter is before the Court on Defendant Plankk Technologies, Inc.'s ("Plankk") Motion to Set Aside Default Judgment. (Doc. # 26.) Plaintiff IMM, LLC, ("IMM") opposes the Motion. For the following reasons, the Motion is denied.

### I.    BACKGROUND

The Court incorporates herein its recounting of the facts in its February 25, 2020 Order Entering Default Judgment Against Defendant Plankk Technologies Inc. (Doc. # 18.) It details factual and procedural developments only to the extent necessary to address Plankk's Motion to Set Aside Default Judgment.

IMM is a Colorado limited liability company. Plankk is an Alberta, Canada, corporation that sells customized fitness apps. On December 14, 2018, IMM and Plankk entered into and executed a Master Services Agreement ("MSA"). (Doc. # 1 at 4, ¶ 9);

(Doc. # 17-1 at 2). The MSA provided that IMM would furnish services to Plankk, including but not limited to, analytics services, casual attribution services, analytic software components, tracking technology, and support regarding data storage, data processing, and software updates. (Doc. # 1 at 4, ¶ 11.) Plankk's founder, Colin Szopa, signed the MSA on Plankk's behalf. (*Id.* at 4, ¶ 12); (Doc. # 17-1 at 12).

After Plankk made partial payment on or about April 25, 2019, it ceased making payments or responding to IMM's demands for payment. (*Id.* at 5, ¶ 17.) On September 19, 2019, IMM filed the instant action and asserted one claim for breach of contract against Plankk.

IMM effectuated service of the Complaint on Plankk's registered agent in Alberta, Canada, on October 17, 2019. (Doc. # 9.) Plankk failed to timely respond to the Complaint. (Doc. # 13-1 at 1, ¶ 4.) As such, the Clerk of the Court entered default against Plankk, at IMM's request, on November 13, 2019. (Doc. # 11.) On January 21, 2020, IMM filed a Motion for Default Judgment. (Doc. # 13.) This Court granted the Motion on February 25, 2020, stating therein:

> This Court has no trouble concluding that Defendant has failed to appear or otherwise defend in this action. Despite having been served, Defendant has not answered the Complaint, responded to the instant Motion, or even entered an appearance in this lawsuit. The Clerk properly entered default on November 19, 2019, and it is now clear that Defendant's silence has halted the adversary process.

(Doc. # 18 at 8.) The Court entered default judgment against Plankk in the amount of $194,015.85, plus post-judgment interest. (Doc. # 19.)

Almost eight months later, on October 7, 2020, Plankk filed the instant Motion to Set Aside Default Judgment. (Doc. # 26.) The Motion is ripe for the Court's review. *See*

(Doc. ## 26, 28, 29, 32).[1]

## II.     DISCUSSION

### A.    APPLICABLE LAW

Fed. R. Civ. P. 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." The movant bears the burden of demonstrating excusable neglect. *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983).

The district court is vested with a great deal of discretion to grant or deny a Rule 60(b) motion. *Cessna*, 715 F.2d at 1445 (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). However, setting aside a default judgment is "extraordinary" and only reserved for "exceptional circumstances." *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011). Rule 60(b) is not a substitute for appeal and must be considered with the need for finality of judgment. *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir.1979). Therefore, a trial court should not reopen a default judgment "simply because a request is made by the defaulting party"; rather, it should do so only if the movant shows "there was good reason for the default and that he has a meritorious defense to the action." *Gomes*, 420 F.2d at 1366*; see Cessna,* 715 F.2d at 1445 (noting meritorious defense requirement serves to avoid frivolous litigation in default judgment cases).

---

[1] Plankk erroneously moved for relief from judgment pursuant to Fed. R. Civ. P. 55(c) in its Motion. Plankk corrected course and moved for relief under Fed. R. Civ. P. 60(b) in its Reply. The Court granted IMM leave to file a Surreply.

A court's excusable neglect analysis is guided by the following relevant factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citation omitted). "The reason for the mistake is the most important factor in determining whether neglect is excusable." *Robledo-Valdez v. Smelser*, No. 12-CV-01833-WYD-KLM, 2014 WL 1757931, at *2 (D. Colo. May 2, 2014) (citing *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005)).

**B.    ANALYSIS**

Plankk moves for relief under Rule 60(b) on the grounds of excusable neglect. Upon consideration of the *Marcus Food Co.* factors, and for the reasons described below, the Court concludes that prejudice to IMM and lack of good cause to set aside the default judgment merit denial of Plankk's Motion.

1.    <u>Potential Prejudice to IMM</u>

Potential prejudice to IMM warrants denial of the instant Motion. Plankk argues in its Reply that the only prejudice IMM will suffer, should the instant Motion be granted, is the burden of having to prove its claim against Plankk by a preponderance of the evidence. However, Plankk does not dispute that IMM has spent thousands of dollars trying to enforce its judgment against Plankk. *See* (Doc. # 28-2 at 5). These expenses, including investigative costs and attorneys' fees for domestic and Canadian counsel, will constitute prejudice to IMM if the default judgment is vacated.

2. Reasons for and Length of Delay

Plankk asserts that 60(b) relief is warranted because its delay in responding to the instant action was caused by IMM's service of process on Plankk's registered agent in Canada, that agent's delay in delivering the summons and complaint to Plankk, and Plankk's misunderstanding of the significance of the legal documents when they finally were received. Each argument is unavailing.

First, Plankk's arguments regarding service of process miss the mark. Although Plankk argues that service in California would have been **preferable** to service in Canada, Plankk does not dispute that IMM's service on its registered agent in Alberta, Canada, was proper. Plankk argues instead that its listed agent in Canada "was not a firm which Plankk was currently using as counsel[,]" but Plankk's failure to keep its registered agent current constituted carelessness within its reasonable control. Such carelessness is not a basis for relief under Rule 60(b)(1). *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

Further, Plankk's argument that, "when it ultimately did receive [the summons and complaint], [it] did not realize the legal significance of the documents" is unpersuasive. As this is not "a case involving an uneducated [litigant], unaccustomed to litigation[,]" Plankk's supposed misunderstanding of the legal significance of the documents again constitutes carelessness that does not warrant 60(b)(1) relief. *Pelican Prod. Corp.*, 893 F.2d at 1147; *cf. Transport Pool Div. of Container Leasing, Inc. v. Joe Jones Trucking Co.*, 319 F. Supp. 1308, 1312 (N.D. Ga. 1970) (granting relief where

5

appellant was an uneducated layman, who could not read, and had difficulty understanding the legal proceedings involved even after patient explanation).

Finally, Plankk has failed to prove when and how it first received notice of the instant lawsuit and, therefore, fails to prove that it acted diligently once it received notice. *See, e.g.*, (Doc. # 26-1 at 5) (vaguely asserting that service on registered agent in Canada "caused a delay in the law firm delivering documents to Plankk" and claiming Plankk realized the significance of the documents in the "summer of 2020 during the pandemic").[2] Plankk does state that it received notice of the default judgment against it on June 26, 2020. (Doc. # 29-1 at 1.) It follows that Plankk delayed filing the instant Motion by more than three months. The Court finds that this is part of a pattern of dilatoriness and delay on Plankk's part, which weighs against granting relief.[3] *See Jennings*, 394 F.3d at 857 ("A court may take into account whether the mistake was a

---

[2] Plankk's conspicuous omission of the date it received notice of this action indicates that it ignored the proceedings against it, in bad faith, until judgment entered against it. As the Tenth Circuit has explained, although courts do not favor default judgments,

> a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna*, 715 F.2d at 1444–45.

[3] Plankk attempts to blame IMM for its delay in filing the instant Motion by arguing that the timing of IMM's communications and its failure to negotiate a post-judgment settlement with Plankk caused the delay. However, Plankk chose not to participate in this case promptly after it learned about either the complaint or the default judgment against it. It also chose not to begin looking for counsel until August 24, 2020, two months after it received notice of the default judgment and six months after judgment had entered against it. *Cf. Signer v. Pimkova*, No. 05-CV-02039-REB-MJW, 2006 WL 3469519, at *2 (D. Colo. Nov. 30, 2006) (granting motion to set aside default judgment where *pro se* defendant immediately contacted counsel for legal assistance once he received notice that judgment had entered against him). Plankk's delay in filing the instant Motion was wholly within its reasonable control and weighs against 60(b) relief.

single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay) . . . .").

In sum, Plankk has not asserted any facts or issues that are "so 'unusual or compelling'" they justify extraordinary relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Because the Court finds Plankk has no justification for relief, it need not whether consider whether Plank has a meritorious defense. *Stockton v. Leland Nat. Gold Exch., Inc.*, No. 10-CV-01021-CMA-KLM, 2010 WL 5056206, at *2 (D. Colo. Dec. 6, 2010).

### III. CONCLUSION

For the foregoing reasons, Defendant Plankk Technologies, Inc.'s Motion to Set Aside Default Judgment (Doc. # 26) is DENIED.

DATED: July 9, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

7